The Honorable David B. Haley State Senator, 4th District State Capitol Building, Room 140-N Topeka, Kansas 66612-1504
The Honorable Broderick T. Henderson State Representative, 35th District State Capitol Building, Room 273-W Topeka, Kansas 66612-1504
The Honorable Valdenia C. Winn State Representative, 34th District State Capitol Building, Room 284-W Topeka, Kansas 66612-1504
Dear Senator Haley and Representatives Henderson and Winn:
You inquire whether guidelines or requirements exist for the disbursement of federal funds to minority applicants of urban areas designated as empowerment or enterprise zones and receiving funds pursuant to Title VI or any other federal law.
 BACKGROUND INFORMATION
An urban area designated an empowerment zone or an enterprise community (EZ/EC) by the Secretary of the United States Department of Housing and Urban Development (HUD) is eligible for funds in accordance with Section 2007(a) of the Social Security Act.[1] Additionally, there may be tax incentives and credits and special consideration for programs of federal assistance.[2] Federal regulations provide that empowerment zones are to be established to stimulate the creation of new jobs so that low income persons and families receiving public assistance can become economically self-sufficient and so that economically distressed areas can be revitalized.[3] Generally, regulations promulgated by the Secretary for Community Planning and Development under HUD require that recipients establish guidelines/ requirements for the disbursement of EZ/EC funds in accordance with the provisions of Title VI of the Civil Rights Act of 1964 to the end that no person, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving federal financial assistance.[4] Specific discriminatory actions are prohibited; a recipient may not be discriminated, under any program or activity benefitted, directly or indirectly through contractual or other arrangements, on the ground of race, color or national origin.[5]
 DISBURSEMENT OF FUNDS IN AN EMPOWERMENT ZONE
In response to your specific question about guidelines dealing with disbursements of federal funds to minority applicants in established empowerment zones,[6] there are guidelines/ requirements (such as the development of a strategic plan for the community)[7] regarding the disbursement of the funds to those applicants within the established areas or empowerment zones. However, the guidelines do not designate minorities as the specific recipients but rather all persons, regardless of race, color or national origin, who are the intended beneficiaries of the program for economic development of the community as a whole, whose eligibility is based not on race but on economic need.[8] The federal legislation defines how an empowerment zone is established and requires recipients of the funds (a county, city, town, township or combination of these political subdivisions recognized by the Secretary) to develop a strategic plan specifying how the local political subdivision qualifies to be designated an empowerment zone, how the goals set by Congress in the federal legislation will be implemented, and how the Social Services Block Grant funds will be utilized accordingly. [9]
The designation of an empowerment zone takes into consideration other sources of funding such as Community Development Block Grants,[10]
which may derive funding from other federal legislation but would nonetheless be subject to the prohibition against discrimination on the grounds of race, color or national origin that attaches to programs receiving federal funds under Title VI.[11]
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CSJ:JLM:GE:jm
[1] 42 U.S.C. § 1397f.
[2] Internal Revenue Code of 1986, (26 U.S.C. § 1391 et seq.), subchapter U, as amended by sections 952 and 954 of the Taxpayer Relief Act of 1997.
[3] 24 C.F.R. § 597.2 and 598.2 (2000).
[4] 24 C.F.R. § 1.1 (2000).
[5] 24 C.F.R. § 1.4 (2000).
[6] 24 C.F.R. § 597 et seq., 598 et seq. (2000).
[7] 24 C.F.R. § 597.200 (c) (2000).
[8] 24 C.F.R. § 597.1 and 598.1 (2000).
[9] 24 C.F.R. § 597.200 (2000).
[10] 24 C.F.R. § 570 et seq. (2000).
[11] 24 C.F.R. § 1 et seq. (2000); see for example24 C.F.R. § 570.602 referring to Title I of the Housing and Community Development Act (42 U.S.C. § 5301et seq.).